T.C. Summary Opinion 2011-70

UNITED STATES TAX COURT

WILLIAM M. AND KAREN M. LOEWENHAGEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4357-10S.                    Filed June 15, 2011.

William M. and Karen M. Loewenhagen, pro sese.

<u>Christina L. Cook</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2006 Federal income tax of $7,656.

After concessions by petitioners,[2] the issue for decision is whether petitioners are entitled to Schedule C, Profit or Loss From Business, deductions for various expenses related to their campground business activities.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. All references to petitioner in the singular are to William M. Loewenhagen.

Petitioners resided in the State of Wisconsin when the petition was filed.

In 2001 petitioner entered into a contract with the County of La Crosse, Wisconsin, to manage Goose Island Park (the campground). Petitioner's duties as campground manager commenced January 1, 2002, and terminated on December 31, 2006. As the campground manager petitioner was an independent contractor and not an employee of the County of La Crosse.

---

[2] Petitioners concede that they are not entitled to: (1) A loss on the sale of business property of $42,610 for the sale of a campground building; and (2) depreciation of $1,257 for that same building.

The campground has a store from which the campground manager is permitted to sell food and refreshments as well as bait and fishing supplies.  The campground manager is required to pay to the county "a $600 rental fee [per year] for the * * * store including electricity" and to furnish all of the materials and supplies necessary to operate the store.

The campground manager's duties include, inter alia, renting boats and other recreational equipment, operating a holding tank pumpout service ("honey wagon") for campers for fee, taking reservations and collecting fees from campers, and providing 24-hour security services.  The campground manager is permitted to move a mobile home onto the campground and there reside.  The campground manager is required to pay to the county $1 rent per year for the site on which the mobile home is located and $44 per month "for electricity provided to his mobile home."  Upon approval the campground manager is permitted to erect structures at his own expense as necessary to the operation of the campground.  The campground manager is also required to maintain worker's compensation and general liability insurance, with the County of La Crosse to be named as an additional insured on the policy.

Because the campground manager is required to provide 24-hour security services, petitioner exercised his right to move a mobile home onto the campground.  There was no storage space on

the campground for the food and tackle sold in the campground store, so petitioner erected a room on the side of the mobile home to house goods to be sold in the store.  Petitioner also maintained a home office so that when he was not in the campground store and during the off-season, he would be able to take reservations and assist campers as necessary.

In respect of his duties as campground manager, petitioner operated various fuel-consuming vehicles, including the honey wagon, a 1944 tractor for pulling the honey wagon, a Ford service van ("a 21,000 pound retired ambulance"), and a Dodge diesel truck that was used only for the month of January.

Petitioners timely filed a 2006 Federal income tax return. On a Schedule C petitioners claimed the following expenses:

| | |
|---|---|
| Depreciation and sec. 179 expenses | $8,864 |
| Insurance (other than health) | 3,647 |
| Interest--mortgage | 5,631 |
| Utilities | 3,226 |

Petitioners also claimed a deduction for an "auto expense" under "Other expenses" of $2,798.

In a notice of deficiency, respondent determined, inter alia, that petitioners were not entitled to:  (1) Depreciation and section 179 expenses of $2,034 related to the campground vehicles and the mobile home; (2) insurance other than health of $380 related to the campground vehicles and mobile home; (3) mortgage interest of $2,816 related to the mobile home; (4)

utilities of $2,258 for the mobile home; and (5) vehicle expenses of $2,098 for fuel for the various campground vehicles.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established their compliance with its requirements. Accordingly, petitioners bear the burden of proof. See Rule 142(a).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate claimed deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction

is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, supra at 90; sec. 1.6001-1(a), Income Tax Regs.

If the taxpayer establishes that he has incurred a deductible expense yet is unable to substantiate the exact amount, the Court may estimate a deductible amount, but may bear heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274(d) generally imposes stringent substantiation requirements in the case of expenses relating to the use of listed property, specifically including any passenger automobile or other property used as a means of transportation. Sec. 280F(d)(4)(A)(i) and (ii), (5); Larson v. Commissioner, T.C. Memo. 2008-187; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (expressly superseding the so-called Cohan rule and making it inapplicable). The flush language of section 274(d), however, specifically excludes from the strict substantiation requirements any "qualified nonpersonal

use vehicle". A "qualified nonpersonal use vehicle" is "any vehicle which, by reason of its nature, is not likely to be used more than a de minimis amount for personal purposes." Sec. 274(i).

## II.   Expenses Related to the Mobile Home

Respondent determined[3] that petitioners are not entitled to Schedule C deductions related to the mobile home as follows:

| | |
|---|---|
| Depreciation and sec. 179 expenses | $1,277 |
| Insurance (other than health) | 302 |
| Interest--mortgage | 2,816 |
| Utilities | 2,258 |

Petitioners contend that they are entitled to the Schedule C deductions related to the mobile home because petitioner was required to live on the campground. Petitioners rely upon Lindeman v. Commissioner, 60 T.C. 609 (1973), in support of their position.

Petitioners' reliance upon Lindeman is misplaced. In Lindeman the taxpayer was the general manager of a hotel and lived in housing furnished by his employer. Id. at 611. The Court held that the taxpayer in Lindeman was entitled to exclude from gross income the value of the lodging furnished by his employer pursuant to section 119. Id. at 617.

---

[3] Respondent's determination allowed a portion of the deductions claimed for the mobile home on the ground that petitioners used part of the mobile home as an office to facilitate the campground manager duties and as a storage area for the campground store. See sec. 280A.

Section 119 excludes from an employee's gross income the value of lodging furnished to him by his employer if three conditions are met: (1) The lodging is furnished for the convenience of the employer; (2) the employee is required to accept the lodging as a condition of his employment; and (3) the lodging is on the business premises of the employer. Lindeman v. Commissioner, supra at 613; sec. 1.119-1(b), Income Tax Regs. "The threshold requirement for section 119 is that the employer furnish the employee with housing in kind, the value of which is properly includable in income." Fuhrmann v. Commissioner, T.C. Memo. 1977-416; sec. 1.119-1(c)(2), Income Tax Regs.

Section 119 does not apply in the instant case. First, section 119 is an income exclusion provision that petitioners rely upon to deduct expenses on a Schedule C. Petitioners, however, did not receive income from the County of La Crosse in the form of lodging furnished in kind, nor did they include the value of lodging in income. Respondent is also not charging petitioners with income from the fair rental value of the land on which the mobile home was located.

Second, even if petitioners had income from the County of La Crosse in the form of lodging furnished in kind, they do not satisfy the threshold requirements for section 119. See Fuhrmann v. Commissioner, supra. Petitioner was not an employee but rather an independent contractor, and the mobile home was not

furnished to petitioner but rather petitioner moved the mobile home onto the campground.

Therefore, petitioners are not entitled to an exclusion under section 119 for the mobile home.

Furthermore, under section 262 personal, living, or family expenses are not deductible. "Everyone must have food and shelter. They are personal things essential to all of us alike regardless of occupation. They do not lose their personal characteristics because they may contribute indirectly to a taxpayer's business activities." Commissioner v. Moran, 236 F.2d 595, 597 (8th Cir. 1956), revg. on another matter T.C. Memo. 1955-202. Petitioners' expenses related to the mobile home are personal expenses. See sec. 262.[4]

Accordingly, we hold that petitioners are not entitled to deduct the expenses related to the mobile home in any amounts greater than those previously allowed by respondent.

III. Expenses Related to the Campground Vehicles

Respondent determined that petitioners are not entitled to Schedule C deductions related to the campground vehicles as follows:

---

[4] Mortgage interest is deductible on Schedule A, Itemized Deductions. Petitioners, however, claimed the standard deduction and have not presented any evidence that their itemized deductions would be greater than the standard deduction.

| Other expenses--auto expense | $2,098 |
| Insurance (other than health) | 78 |
| Depreciation and sec. 179 expenses | 757 |

Respondent argues that petitioners are not entitled to such deductions because the amounts have not been substantiated and petitioners did not provide a mileage log for the auto expense.

Petitioner explained at trial that the $2,098 of "other expenses" for auto expenses claimed on the Schedule C was for gasoline for the campground vehicles. Those vehicles include the honey wagon, the 1944 tractor, and the Ford service van.[5] These vehicles are "qualified nonpersonal use vehicles" within the meaning of section 274(i) and therefore are not subject to the strict substantiation requirements of section 274(d) and no mileage log is necessary. The record demonstrates that petitioners are entitled to the deduction of $2,098 for "other expenses" for gasoline for the campground vehicles. See Williams v. Commissioner, 245 F.2d at 560-561; Cohan v. Commissioner, 39 F.2d at 544; Vanicek v. Commissioner, 85 T.C. at 742-743.

Petitioners have not established that they are entitled to deductions for insurance of $78 or depreciation of $757.

Thus, we hold that petitioners are entitled to a deduction of $2,098 for gasoline for the campground vehicles but are not otherwise entitled to deductions for the campground vehicles in

---

[5] The Dodge truck, used only for the month of January, was a diesel, and petitioner explained that the $2,098 reflects only the amount paid for gasoline and not diesel fuel.

excess of the amounts previously allowed or conceded by respondent.

## Conclusion

We have considered all of the arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude that they do not support a result contrary to that reached herein.

To reflect the foregoing,

Decision will be entered under Rule 155.